**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CHAD BATTLEY** **CIVIL ACTION**

**VERSUS** **NO. 13-447-BAJ-RLB**

**NATIONAL SPECIALTY INSURANCE COMPANY, et al**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 12, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CHAD BATTLEY** **CIVIL ACTION**

**VERSUS** **NO. 13-447-BAJ-RLB**

**NATIONAL SPECIALTY INSURANCE COMPANY, et al**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the court on a referral from the district court of the plaintiff's Motion to Remand.[1] The motion is opposed.[2] This matter was removed on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[3] The issue before the court is whether the removal was procedurally defective because not all of the served defendants joined in the removal or filed a timely written consent in such removal.

**Background**

On May 20, 2013, plaintiff Chad Battley filed this lawsuit in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, against defendants National Specialty Insurance Company ("National Specialty"), New Energy Transport, Inc. ("New Energy"), and Roy Sholar, seeking damages for injuries sustained as a result of a motor vehicle collision which took place on June 1, 2012.[4] National Specialty has represented that it was served by plaintiff on June 10, 2013 through its registered agent for service of process, Louisiana Secretary of State.[5] The plaintiff served the petition on Sholar via the Louisiana Long Arm Statute, La. R.S. 13:3204,

[1] R. Doc. 4.
[2] R. Doc. 10.
[3] R. Doc. 1.
[4] R. Doc. 1-2.
[5] R. Doc. 1.

via certified mail. It was mailed on June 20, 2013 and signed for on June 27, 2013.[6] The plaintiff also served the petition on New Energy via certified mail. It was mailed on June 20, 2013 and signed for on June 24, 2013.[7] There is nothing in the record to indicate that return of such service was filed with the 19th Judicial District Court prior to removal.

On July 9, 2013, National Specialty filed a Notice of Removal, removing this matter from the 19th Judicial District Court to this Court. Defendants Sholar and New Energy did not join in the removal or file a written consent to the removal.

On August 5, 2013, the plaintiff filed the instant Motion to Remand alleging that the remand was procedurally defective.[8]

On August 12, 2013, Defendants Sholar, New Energy and National Specialty jointly filed an Amended Notice of Removal, indicating for the first time that all of the defendants join in the removal of this action to federal court.[9]

**Summary of the Parties' Arguments**

The plaintiff moves to remand his case back to state court on the ground that the removal was procedurally improper under 28 U.S.C. § 1446(b) because not all of the defendants consented to the removal.[10] Plaintiff argues that all of the defendants had been served prior to the removal and therefore all were required to either join in such removal or timely file a written

[6] R. Doc. 5-1.
[7] R. Doc. 5.
[8] R. Doc. 4. "A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Accordingly, the Motion to Remand is timely.
[9] R. Doc. 6.
[10] R. Doc. 4.

consent to removal "within the 30-day removal period that commences when the first defendant is served."[11]

In response, the defendants argue that the removal was procedurally proper because no service return for defendants New Energy and Sholar had been filed with the clerk's office at the time of the removal and therefore their consent was not obtained.[12] National Specialty's first notice of such service was not until the filing of the Motion to Remand on August 5, 2013. The Amended Notice of Removal was filed on August 12, 2013. The defendants argue that this Amended Notice "cured any problems with the Original Notice."[13]

**Applicable Law and Analysis**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). This case was removed pursuant to this provision on the basis of diversity jurisdiction. The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1446(b)(1), the removal of a case is timely if it is filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading

[11] R. Doc. 4-1 at 3 (citing *Getty Oil Corp. v. Insurance Company of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988). The "first served" defendant rule in *Getty* applied prior to the 2011 amendment to 28 U.S.C. § 1446(b)(1) which adopted the last served defendant rule for purposes of removal.
[12] R. Doc. 10.
[13] R. Doc. 10 at 2.

setting forth the claim for relief upon which such action or proceeding is based . . .". In cases with multiple defendants, the Fifth Circuit Court of Appeals traditionally followed the first-served defendant rule, under which all of the defendants needed to join in the removal within thirty days of the date that the first defendant was served. *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988). But, pursuant to a 2011 statutory amendment adopting the last-served rule, § 1446(b) now states that each defendant has "30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."[14]

Congress also codified the "rule of unanimity" in revising § 1446. *See, e.g., Penson Fin. Servs., Inc. v. Golden Summit Investors Grp., Ltd.*, No. 12–300, 2012 WL 2680667, at *5 (N.D. Tex. July 5, 2012). Section 1446(b)(2)(A) states that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court." If consent of all served defendants is not timely obtained, the removal is procedurally defective. *Doe v. Kerwood*, 969 F.2d 165, 167-69 (5th Cir. 1992).

The plaintiffs served defendants New Energy and Sholar under the Louisiana long-arm statute, La. R.S. 13:3201 *et seq.*, on June 24, 2013 and June 27, 2013, respectively, and provided a certified mail return receipt in support of such service.[15] The removing defendants do not dispute that New Energy and Sholar were in fact served in this manner and do not dispute the sufficiency of such service under Louisiana law.

There is also no dispute that defendants New Entergy and Sholar failed to join in the removal of this case. The question therefore becomes whether these non-removing defendants

---

[14] The Federal Courts Jurisdiction and Venue Clarification Act took effect on January 6, 2012.
[15] R. Docs. 5 and 5-1.

have provided some timely filed written indication of consent to such removal within the 30 day period.

To demonstrate defendants' unanimous consent to removal, the Fifth Circuit requires that each served defendant provide "some timely filed written indication" of consent on which the court could "bind the allegedly consenting defendant." *Getty Oil Corp.*, 841 F.2d at 1262 n.11; *see also Crowley v. Amica Mut. Ins. Co.*, No. 12–775, 2012 WL 3901629 (E.D. La. Sept.7, 2012) (noting that the recent amendments to the removal statutes do not affect the Fifth Circuit requirement of written consent by all defendants).

Under *Getty*, the Fifth Circuit determined that this joining in the removal must occur within the 30 day time period within which removal itself must occur. *Getty Oil Corp.*, 841 F.2d at 1262. Prior to the 2011 amendment, this was 30 days from the day on which the first defendant was served. *Id.* at 1262-63 ("It follows that since all served defendants must join in the petition, and since the petition must be submitted within thirty days of service on the first defendant, all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served."). Since the 2011 amendment, the time within which removal by a defendant must occur runs for 30 days from the date of service on that defendant. *Tilley v. Tisdale*, 914 F. Supp. 2d 846, 852 (E.D. Tex. 2012) (remanding case where no evidence of consent to removal within the 30-day period following service on last served defendant).

The only thing in the record evidencing any consent by New Energy and Sholar is the amended notice of removal that was filed on August 12, 2013. This is beyond the 30 day period within which removal by any defendant could have occurred.[16]

[16] The certified mail receipt to New Energy was signed on June 24, 2013 (49 days prior to the Amended Notice of Removal) and the certified mail receipt to Sholar was signed on June 27, 2013 (46 days prior).

The defendants make two arguments to justify the failure of all defendants to join in the removal or otherwise consent within the required 30 day timeframe. First, defendant National Specialty directs the Court to the fact that proof of service on Sholar and New Energy had not been filed into the record of the state court proceeding. Although not specifically argued as such, it appears that their position is that unanimity was not required because Sholar and New Energy had not yet been "properly" served as contemplated by 28 U.S.C. § 1446 until proof of service had been filed in the state court proceeding.

This issue has been previously addressed by this court. *See Babin v. Isaman*, No. 09-408, 2009 WL 3672901, at *4-5 (M.D. La. Nov. 4, 2009) (citing *Richoux v. CSR, Ltd.*, 2008 WL 576242 (E.D. La. Feb. 29, 2008)). In *Babin*, the court held that the rule of unanimity required the co-defendants to either join in the notice of removal or consent to the removal within the applicable time period following actual service, not filing of proof of service in the state record. *Id.* at *5. Failure to do so required remand. *See Babin*, 2009 WL 3672901, at *5 (construing any ambiguities in the Louisiana long-arm statute in favor of the plaintiff seeking remand and construing such law as allowing service of process to be complete before the filing of an affidavit of service). Although the Louisiana long-arm statute requires proof of service be filed in the record for purposes of taking a default judgment,[17] service of process can be completed before the filing of any such affidavit. *Id.*

The Court in *Getty* stated that "exceptional circumstances" might warrant a departure from this rigid rule. *Getty Oil Corp.*, 841 F.2d at 1262 n.12. The Fifth Circuit, however, later indicated that such an exception generally would be granted only when defendant's lack of consent to removal stemmed from plaintiff's conduct. *See Ortiz v. Young*, 431 Fed. Appx. 306, 307 (5th Cir. 2011).

[17] La. R.S. 13:3205.

In *Babin*, equitable relief from the rule of unanimity was not warranted where the removing defendants relied solely on the absence of proof in the state court record and took no other steps to determine whether the other defendant had been served. *Babin*, 2009 WL 3672901, at *5; *see also Forman v. Equifax Credit Info. Svcs., Inc.*, No. 97-431, 1997 WL 162008, at *2 (E.D. La. Apr. 4, 1997) (exceptional circumstances did not exist for providing equitable relief where the removing defendant failed to contact the non-consenting defendant directly, even though service on the non-consenting defendant was not reflected in the state court record). For these same reasons, such equitable relief is also inappropriate in this case.

The second argument made by the defendants to excuse the lack of timely consent is that the "Amended Notice of Removal cured any problems with the Original Notice of Remand."[18] A defendant is free to amend a notice of removal within the thirty day period as set forth in § 1446(b). *Mayers v. Connell*, 651 F. Supp. 273, 274 (M.D. La. 1986). Once the thirty day period has expired, however, the notice of removal cannot be amended in order to cure a defect in the removal procedure. *Mayers*, 651 F. Supp. at 275 (finding that "the petition for removal is defective and no amendment can be made at this time to add a co-defendant to the removal petition"); *see also Hobson v. Chase Home Finance, LLC*, No. 08-288, 2009 WL 2849591, at *6 (S.D. Miss. Sept. 1, 2009) ("amendment [to notice of removal] not available to cure a substantive defect in removal proceedings"); *Moody v. Commercial Ins. Co. of Newark, N.J.*, 753 F. Supp. 198, 201-02 (N.D. Tex. 1990) (finding that the amended notice of removal was not timely filed as it was beyond the thirty day period and therefore "cannot cure the original notice of removal which was procedurally defective."). Courts have recognized that this "formalistic approach can lead to harsh and sometimes unpalatable results;" even still, remand is required. *Grand Texas Homes, Inc. v. American Safety Indem. Co.*, No. 12-1773, 2012 WL 5355958, at *3 (N.D. Tex.

[18] R. Doc. 10 at 2.

Oct. 30, 2012) (failure to join in removal is procedural defect that cannot be cured by untimely consent when consent filed 45 days after service); *Cornella v. State Farm Fire and Casualty Co.*, No. 10–1169, 2010 WL 2605725, at *3 (E.D. La. June 22, 2010) (recognizing the "harshness" of the *Getty Oil* rule); *Grigsby v. Kansas City S. Ry. Co.*, No. 12-0776, 2012 WL 3526903, at *2 (W.D. La. Aug. 13, 2012) (same).

As set forth above, the Court finds that the removal of this matter was defective and that the plaintiff's Motion to Remand is well taken.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's Motion to Remand (R. Doc. 4) should be **GRANTED** and that this matter be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on November 12, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**